UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY HAROLD BOETTCHER,

               Defendant-Petitioner,

vs.

                                       CIVIL NO.:  05-CV-40226
                                       CRIM. NO.:  01-CR-50024

                                       HON. PAUL V. GADOLA
UNITED STATES OF AMERICA,         MAG. JUDGE WALLACE CAPEL, JR.

               Plaintiff-Respondent.
_____/

## ORDER RE PETITIONER'S "MOTION FOR LEAVE TO AMEND PETITION"

This cause is before the Court on Petitioner's "Motion for Leave to Amend Petition," filed on January 6, 2006.  Petitioner seeks leave to add an ineffective assistance of appellate counsel to his Motion to Vacate pursuant 28 U.S.C. § 2255, which was previously filed on July 15, 2005.

Pursuant to Federal Rule of Civil Procedure 15(a), pleadings may be amended by leave of court at any time.  Federal Rule of Civil Procedure 12 brings  § 2255 motions under the purview of same.  However, under the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, this request for leave to amend the § 2255 motion falls outside the relevant time period.  Pursuant to Federal Rule of Civil Procedure 15(c)(2), "[a]n amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  The parties do not disagree that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims."

1

Mayle v. Felix, __ U.S. __,  125 S.Ct. 2562, 2572 (2005) (citations omitted).

The parties do disagree whether the additional claim of ineffective assistance of appellate counsel "of a common 'core of operative facts' uniting the original and newly asserted claims."  Id. Petitioner argues that

> [h]ere, the "common core of operative facts" relate to the weight and condition of the marijuana that was seized as well as the stipulation entered into by trial counsel. Although the legal theories for relief differ (ineffective assistance of trial counsel vs. ineffective assistance of appellate counsel) the "common core of operative facts" is present in both the original Petition and the proposed Amended Petition.[1]

Respondent argues that

> [t]he timely claim challenges the propriety of the strategy of trial counsel in entering into a stipulation during trial that relates to a statutory element to be proved by the jury. The untimely claim challenges the effectiveness of appellate counsel in failing to challenge the district judge's failure at sentencing to consider "moisture content" in determining the defendant's sentence as apparently required by the Sentencing Guidelines. These claims are driven by separate operative facts, rather than a "common core of operative facts" as required in order to relate back.[2]

The undersigned finds that this is not a case where "the new claims depend upon events separate in both time and type from the originally raised episodes."  Mayle, 125 S.Ct. at 2564.  Therefore, the new claim does relate back as argued by Petitioner and the amendment will be allowed.

Further, Petitioner and Respondent are to include in their briefs an additional discussion of the case law available to trial counsel at the time the stipulation at issue was entered into as discussed during the evidentiary hearing on January 9, 2006.[3]

---

[1]Petitioner's "Reply Memorandum in Support of Motion For Leave to Amend Petition," filed January 24, 2006, at page 3.

[2]"Response of the United States to Defendant's Motion For Leave to Amend Petition," filed January 19, 2006, at page 4.

[3]See January 9, 2006, evidentiary hearing transcript at pages 26, 34, 40.

Therefore, Petitioner's "Motion for Leave to Amend Petition," is **GRANTED**.

**IT IS SO ORDERED.**

The parties are hereby informed that any objection to this Order must be filed with the district court within ten days after being served with a copy thereof, pursuant to Fed.R.Civ.P. 72(a).

<u>s/Wallace Capel, Jr.</u>
**WALLACE CAPEL, JR**
**UNITED STATES MAGISTRATE JUDGE**

**DATED:**  <u>March 1, 2006</u>

3

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: James C. Mitchell, Assistant United States Attorney, 600 Church Street, Suite 210, Flint, Michigan 48502, and Ken Sasse, Federal Public Defender, 653 S. Saginaw Street, Suite 105, Flint, Michigan 48502.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  Elaine J. Mittleman, 2040 Arch Drive, Falls Church, Virginia 22043.

s/James P. Peltier
United States District Court
Flint, Michigan 48502
810-341-7850
E-mail: pete_peltier@mied.uscourts.gov

4